**Sanfratello v. Galvin**

*Jeffrey N. Kale,* for plaintiff.
*Allan D. Goulding,* for defendant Galvin.
*Peter M. Hileman,* for additional defendant Sanfratello.

CLARK, *J.,* February 12, 1996—Plaintiffs filed for civil damages as a result of a car accident which occurred on March 10, 1991. A motion in limine followed seeking a court order to preclude defendant from introducing evidence of plaintiffs' limited tort option under their automobile insurance. Depositions were taken and ex-

hibits offered into the record. From these, it was revealed that, shortly after plaintiffs moved from New York to Pennsylvania in September 1990, they obtained automobile insurance. As part of that transaction, Mr. Sanfratello signed a waiver form supplied by the insurance agent concerning limited tort-full tort. That form was attached to the motion in limine as exhibit "B." It is this form which defendant seeks to introduce at trial and this form which plaintiffs now seek to preclude from use at trial.

Section 1705 of the Pennsylvania Motor Vehicle Financial Responsibility Law, set forth in 75 Pa.C.S., provides the criteria for the type of notice insurance companies are required to provide to those purchasing automobile insurance from them on the subject of limited tort-full tort coverage.

In relevant part, section 1705(a)(1) provides as follows:

"Each insurer, . . . , shall notify in writing each named insured of the availability of two alternatives of full tort insurance and limited tort insurance. . . The notice shall . . . include the following language: .The annual premium for basic coverage as required by law under this 'limited tort' option is $    . . . The annual premium for basic coverage as required by law under this 'full tort' option is $      ."

While exhibit B above contained the required language, the insurance company failed to fill in the required spaces setting forth the amounts of the annual premium for "limited tort" and "full tort." As such, the insurance company notice, in this case, is deficient in material part. These provisions of the act were intended by the legislature for the protection of the consumers so they could make an intelligent choice. They are not in the law for the protection of the insurance

companies since section 1705(a)(1)(3) points out quite clearly several times that failure of the insured to designate which coverage they desire results in their being "conclusively presumed to have chosen to full tort alternative."

Section 1705(a)(4) further provides: "Each insurer . . . shall provide each applicant with the notice *required* by paragraph (1)."

Since the notice was not in compliance with the requirements of the law, it cannot, therefore, be used by the defense in the trial. Therefore, the court enters the following:

### ORDER

And now, February 12, 1996, plaintiff's motion in limine is hereby granted and defendant is hereby precluded from asserting that plaintiffs are subject to any "limited tort" option under the Pennsylvania Motor Vehicle Financial Responsibility Law at time of trial.